# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENWOOD DIVISION

| | |
|---|---|
| Casey H. Ashley, | ) |
|           Plaintiff, | ) **COMPLAINT** |
| vs. | ) **(Jury Trial Demanded)** |
| The Outsource Group, Inc. and MediCredit, Inc., | ) |
|           Defendants. | ) |

Plaintiff, Casey H. Ashley, by and through undersigned counsel, brings this action against Defendants, jointly and severally, and would respectfully show unto the Court the following:

## PARTIES

1. Plaintiff Casey H. Ashley is a citizen and resident of Greenwood, South Carolina and has been at all times relevant herein.

2. Defendant, The Outsource Group, Inc. is a Missouri corporation which maintains its principal place of business in or around Columbia, Missouri.

3. The Outsource Group, Inc. is the parent company and controls the Defendant MediCredit, Inc.

4. The Defendant, MediCredit, Inc., is a wholly owned subsidiary of Defendant The Outsource Group, Inc. and collects debts throughout the United States of America, including, at all times relevant herein, in Greenwood, South Carolina and throughout the Greenwood division.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as the claims herein arise out of the Fair Debt Collection Practices Act ("FDCPA"),

codified at 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227 et seq.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this division because the acts complained of occurred herein, Plaintiff is a resident here, and both Defendants are subject to personal jurisdiction in this judicial district.

## STATEMENT OF FACTS

7. Defendant have a long and well-documented history of abusive and illegal debt collection practices, including but not limited to, a large number of lawsuits and the settlement of a class action lawsuit in the United States District Court for the District of Missouri in 2015 alleging violations of the TCPA.

8. The principal source of MediCredit's revenue is debt collection.

9. MediCredit is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6). Ashley is a "consumer" as defined by 15 U.S.C. § 1692(a)(3). The alleged obligation is a "debt" as defined by 15 U.S.C. § 1692(a)(5). MediCredit has contacted Plaintiff to collect the debt that incurred primarily for personal, family, or household purposes.

10. MediCredit uses a predictive dollar system.

11. Before MediCredit began contacting Plaintiff, Defendant and Plaintiff had no prior business relationship and Plaintiff had never provided express consent to MediCredit to be contacted on her cellular telephone. On several occasions, the dates of which will be discovered through discovery, MediCredit willingly and knowingly used an automatic telephone dialing system to call Plaintiff on her cellular phone multiple times in violation of the TCPA.

12. Plaintiff specifically informed MediCredit, both orally and in writing, that she was represented by counsel and that all communications should be conducted through her counsel.

13. Despite this notification, MediCredit continued to contact Plaintiff directly, both orally and in writing, in the year 2016.

14. MediCredit's policies and procedures violate the TCPA.

15. MediCredit caused Plaintiff emotional distress.

16. MediCredit attempted to collect a debt from Plaintiff.

17. MediCredit has violated the FDCPA in numerous respects with regard to Plaintiff including, but not limited to:

   a. Threatening to garnish her wages when South Carolina law specifically prohibits and precludes the garnishment of wages for consumer debt;

   b. Engaged in conduct which was intended to harass, oppress or abuse Plaintiff in connection with the collection of a debt;

   c. Used false, deceptive, or misleading representation and means with the collection of a debt;

   d. Implied or insinuated or represented that Plaintiff and/or others would be arrested for the debt;

   e. Attempted to collect a debt on which the statute of limitations had run and Ashely was not legally liable;

   f. Used, distributed and sent to Plaintiff written communications and documents which simulate or falsely represented to be documents authorized, issued, or approved by a court of law, the IRS, or other officials or agencies of the United States of America and which created a false impression as to their source, authorization or approval;

   g. Failing to disclose that the debt collection was attempting to collect a debt and the information would be used for that purpose;

   h. False representation or implication that documents sent to Plaintiff constituted or were legal process;

    i. Attempting to coerce, require and/or force Plaintiff to attend a mediation to pay a debt for which she was not legally responsible;

    j. Informing Plaintiff she would be required to form a 1099 and to pay taxes on the purported unpaid debt;

    k. Numerous other violations to be discovered and/or determined during discovery;

    l. Leaving Plaintiff a voice mail message indicating they would place a lien on her bank account and/or seize her account funds; and

    m. Leaving Plaintiff a voice mail message indicating their name was Ryan Sims and stating he worked for "County Court Services", implying he was associated with a judicial forum.

18. MediCredit's conduct and actions violated both the FDCPA and the TCPA.

## FIRST CAUSE OF ACTION
### (Violation of the FDCPA)

19. Plaintiff incorporates each of the preceding allegations as is specifically restated herein.

20. Defendants has violated numerous provisions of the FDCPA as outlined and stated more specifically herein above.

21. As a result of Defendants' aforementioned FDCPA violations, Plaintiff has suffered actual damages, including, but not limited to, mental suffering, anguish, embarrassment, anxiety, mental anguish, sleeplessness, humiliation and loss of personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees.

## SECOND CAUSE OF ACTION
### (Violation of the TCPA)

22. Plaintiff incorporates each of the preceding allegations as is specifically restated herein.

4

23. Defendants violated the TCPA by utilizing automatic telephone dialing system and/or an artificial prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number and as a result of Defendants' willful violations of the TCPA, Plaintiff has suffered actual damages, including, but not limited to, mental suffering, anguish, embarrassment, anxiety, mental anguish, sleeplessness, humiliation and loss of personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees.

**WHEREFORE**, having set forth her Complaint, Plaintiff respectfully requests an Order granting judgment against the Defendants, jointly and severally, and awarding Plaintiff the following:

a. Statutory damages in an amount up to $1,500.00 per violation;

b. Statutory damages and actual damages under 15 U.S.C. § 1692(k);

c. Reasonable attorney's fees, costs, and any relief the Court may deem just and appropriate.

**HOPKINS LAW FIRM, LLC**

*/s/William E. Hopkins, Jr.*
William E. Hopkins, Jr. (Fed. I.D. # 6075)
J. Clay Hopkins (Fed. I.D. # 12147)
12019 Ocean Highway
Post Office Box 1885
Pawleys Island, South Carolina 29585
Telephone:     (843) 314-4202
Facsimile:     (843) 314-9365
bill@hopkinsfirm.com
clay@hopkinsfirm.com

ATTORNEYS FOR PLAINTIFF

Pawleys Island, South Carolina

April 26, 2017